IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FELIPE NAVA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-10-CV-478-KC |
| | § | |
| ONEBEACON AMERICA | § | |
| INSURANCE COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered "Plaintiff's Second Motion to Remand" ("Motion"), ECF No. 7. For the reasons set forth herein, the Motion is **GRANTED**.

I.  BACKGROUND

On September 20, 2007, Plaintiff sustained an injury on the job while employed by Defendant Ormsby Trucking, Inc. ("Ormsby"). Mot. Ex. I ("Second Amended Petition") at 3, ECF No. 7-10. On or about May 2008, Ormsby allegedly discharged Plaintiff for filing a workers' compensation claim and taking related actions pursuant to the Texas Workers' Compensation Act. *Id.* On June 1, 2010, Plaintiff filed suit in County Court at Law Number Six in El Paso County, Texas, against Ormsby and Carolina Casualty Insurance Company ("CCIC"). Mot. Ex. H at 1, ECF No. 7-9. Plaintiff alleged retaliation against Ormsby, claiming Ormsby retaliated against Plaintiff due to Plaintiff's filing a workers' compensation claim, and unfair practices and bad faith against CCIC in violation of Article 21.21 *et seq.* of the Texas Insurance Code. *Id.* at 2-3. On July 27, 2010, CCIC removed the case to this Court. Def. Carolina

Casualty Insurance Co.'s Notice of Removal, Nava v. Ormsby Trucking, Inc., et al., No. 3:10-CV-00271 (W.D. Tex. July 27, 2010), ECF No. 1.

The judge presiding over that case remanded the case to state court upon Plaintiff's motion, rejecting Defendant's arguments concerning improper joinder and finding that the case could not properly be removed to federal court pursuant to 28 U.S.C. § 1445(c). Mot. Ex. A ("Remand Order") at 6-8, ECF No. 7-2. After remand to state court, Plaintiff added additional insurance companies as defendants; namely, Great American Assurance Company ("Great American"), National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), and OneBeacon America Insurance Company ("OneBeacon"), asserting the same unfair practices and bad faith claims against them. Second Am. Pet. 1, 4-6. OneBeacon removed the case to this Court on December 23, 2010. Def. OneBeacon America Insurance Co.'s Notice of Removal 1, ECF No. 1. Plaintiff timely filed the Motion, seeking to remand the case back to state court.

## II.   DISCUSSION

### A.   Standard

A defendant may remove a case to the federal district court in the division embracing the place where such action is pending in state court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a) (2006). The district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case. *Id.* § 1447(c). Where the jurisdiction of the court is challenged, the burden is on the party seeking to preserve the district court's removal jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997); *Sid Richardson Carbon & Gasoline Co. v.*

*Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). The removal statutes are to be construed strictly against removal and in favor of remand. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

    **B.**    **Fraudulent Joinder**

All parties which submitted filings germane to the Motion agree that 28 U.S.C. § 1445(c) prohibits removal of Plaintiff's retaliation claim. However, Plaintiff has also joined the various defendant insurance companies mentioned above, asserting unfair practice and bad faith claims against them. Second Am. Pet. 4-6.

According to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). For purposes of § 1445(c), a retaliation claim under section 451.001 of the Texas Labor Code arises under Texas workmen's compensation law. *Trevino v. Ramos*, 197 F.3d 777, 781 n.4 (5th Cir. 1999). Thus, the parties are correct that Plaintiff's retaliation claim is not removable.

Since Plaintiff's retaliation claim cannot be heard in this Court, and given that § 1445(c) proscribes this Court from hearing any "civil action" arising under Texas workmen's compensation laws, the only way this Court may exercise jurisdiction and properly hear this case is by severing the claims, remanding the retaliation claim, and retaining at least some of the insurance claims. If joinder was improper, the Court may do precisely that. Therefore, as requested by OneBeacon and Great American, the Court analyzes the propriety of Plaintiff's joinder of those Defendants.

Defendants OneBeacon and Great American contend that they have been improperly

joined to this suit, that their claims should be severed, and that their claims should remain in this Court.  Def. OneBeacon America Insurance Co.'s Resp. in Opp'n to Pl.'s Second Mot. to Remand 3-6, ECF No. 9; Resp. of Great American to Pl.'s Second Mot. to Remand 2-5, ECF No. 8.  Plaintiff counters that Defendants OneBeacon and Great American were properly joined since the suits arise from the same transaction or occurrence and involve common questions of fact or law.  Mot. 5-7.

Fraudulent joinder of claims as grounds for denying remand was first recognized by the Eleventh Circuit.[1]  *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated in part on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).  Although the Fifth Circuit has cited *Tapscott* favorably, *see In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002), it has never expressly adopted its analysis.  *Centaurus S. Oaks, LP v. Lexington Ins. Co.*, No. H-10-4123, 2011 WL 96598, at *2 (S.D. Tex. Jan. 10, 2011); *Tex. Instruments, Inc. v. Citigroup Global Mkts. Inc.*, 266 F.R.D. 143, 147 (N.D. Tex. 2010).  However, courts in the Fifth Circuit have periodically applied its reasoning; accordingly, without expressly adopting *Tapscott*, this Court will similarly employ its analysis.  *See, e.g., Tex. Instruments*, 266 F.R.D. at 147; *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins.*, 670 F. Supp. 2d 555, 562 (N.D. Tex. 2009).

The *Tapscott* theory of fraudulent joinder, in essence, provides that "plaintiffs may not misjoin claims under [Federal Rule of Civil Procedure] 20 in order to include a non-diverse

---

[1] The Court refers here to fraudulent joinder of claims, not fraudulent joinder of defendants.  Fraudulent joinder of defendants as grounds for denying remand has been a longstanding principle applied by the Fifth Circuit.  *See Bentley v. Halliburton Oil Well Cementing Co.*, 174 F.2d 788, 791 (5th Cir. 1949).

defendant and thereby defeat diversity." *Wells Fargo*, 670 F. Supp. 2d at 559. Thus, when a plaintiff improperly joins claims against a nondiverse defendant with claims against a diverse defendant, the Court may disregard the citizenship of the non-diverse defendant and exercise diversity jurisdiction over the case. *See Tapscott*, 77 F.3d at 1359-60. However, this requires more than mere misjoinder. *Tex. Instruments*, 266 F.R.D. at 147; *Wells Fargo*, 670 F. Supp. 2d at 562. "The joined parties and claims must be without a palpable connection, causing the joinder to be egregious, totally unsupported or a purposeful attempt to defeat removal." *Wells Fargo*, 670 F. Supp. 2d at 563 (citation omitted).

"[D]istrict courts within this circuit have considered numerous cases removed from state court on the basis of allegedly [improper joinder], and the overwhelming majority of those cases have been remanded to state court, often on the ground that even if the parties have been misjoined, such misjoinder is not so egregious as to be fraudulent [or improper]." *Tex. Instruments*, 266 F.R.D. at 152 & n.13 (discussing several decisions of district courts within the Fifth Circuit and noting how rare a finding of fraudulent joinder is). Thus, "[e]mpirically speaking, a finding of [improper joinder] has proven to be a disfavored basis for a district court's exercise of jurisdiction after removal, and it is reserved for a very small handful of the most extreme cases." *Id.*

The *Tapscott* theory of fraudulent joinder requires a two-step analysis. *Wells Fargo*, 670 F. Supp. 2d at 559-60. Because a finding of fraudulent joinder logically requires a finding of misjoinder, a court's first inquiry is whether the defendant at issue has in fact been misjoined under the governing rules. *Tex. Instruments*, 266 F.R.D. at 147. If the relevant defendant has been misjoined, the court then determines whether the misjoinder is so egregious as to be

5

fraudulent. *Id.* In determining whether a defendant has been misjoined, a court looks to the relevant state joinder rule. *Id.* at 147-48. In this case, that rule is Texas Rule of Civil Procedure 40. Texas Rule of Civil Procedure 40 provides that defendants may be joined in an action if claims are asserted against them that arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." Tex. R. Civ. P. 40(a). A single common question of law or fact is sufficient. *Tex. Instruments*, 266 F.R.D. at 148. Rule 40 is interpreted in light of a state policy that encourages broad joinder of multiple parties in the same action. *In re E.L.P.*, 636 S.W.2d 579, 581 (Tex. App. 1982).

If a defendant has been misjoined according to step one above, then the second step is to determine whether that misjoinder is fraudulent. *Tex. Instruments*, 266 F.R.D. at 147. The *Tapscott* court held that the misjoined parties and claims must be "wholly distinct" and have "no real connection" to each other, such that their joinder is "bordering on a sham." 77 F.3d at 1360. One court summarized well what is necessary to transcend mere misjoinder and constitute fraudulent joinder:

> A survey of the cases from this circuit which have considered the question suggests that misjoinder is so egregious as to be fraudulent only in the following three situations: (1) two or more lawsuits with little or no party overlap have been combined in the same action ( i.e., there are multiple plaintiffs and defendants, but each plaintiff or discrete set of plaintiffs is suing only one defendant or a discrete set of defendants); (2) numerous plaintiffs have sued a common defendant and assert claims that have no shared factual element other than the presence of the common defendant; and (3) a single plaintiff or group of plaintiffs has joined multiple defendants in the same action and is asserting claims against each defendant that are both factually and legally unrelated.

*Tex. Instruments*, 266 F.R.D. at 149.

In addition, the Fifth Circuit has recognized two grounds comprising fraudulent joinder of a

defendant: (1) actual fraud in the pleading of jurisdictional facts, and (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). The heavy burden of proving fraudulent joinder rests with the removing party. *Hart v. Bayer Corp.*, 199 F.3d 239, 246-247 (5th Cir. 2000); *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

        1.      **Propriety of joinder**

The first step of the *Tapscott* fraudulent joinder of a claim analysis is to determine whether joinder is proper according to the relevant state joinder rule, here, Texas Rule of Civil Procedure 40. *Tex. Instruments*, 266 F.R.D. at 147. The first requirement of Rule 40 is met, as the retaliation claim against Ormsby and the unfair practice and bad faith claims against the insurance companies arise from the same transaction, namely Plaintiff's workplace-accident that occurred on September 20, 2007. The second requirement, that there exists at least one question of fact or law common to all defendants, is not as clear cut. The claims against all defendants are retaliation, unfair practices, and bad faith. As such, the Court considers a retaliation claim to determine whether there is a common question of fact or law with the claims against the defendant insurance companies.

The elements of retaliation under § 451.001 are: (1) an employee (2) who is discharged or discriminated against in any manner (3) because the employee has filed a workers' compensation claim in good faith; and (4) that "but for" the employee's filing of a workers' compensation claim, the discharge would not have occurred when it did. *Arellano v. Americanos USA, LLC*, -- S.W.3d ---, No. 08-08-00305-CV, 2010 WL 4814672, at *5 (Tex. App. 2010). Whether Plaintiff

is an employee is therefore relevant to his retaliation claim against Ormsby.

Whether Plaintiff is an employee may also be relevant to Plaintiff's claims against the insurance companies. CCIC provides workers' compensation insurance to Ormsby, so if Plaintiff is not an employee, then her claims against both Ormsby and CCIC must fail. *See Tex. Mexican Ry. Co. v. Bouchet*, 963 S.W.2d 52, 56 (Tex. 1998) (under Texas law, "only employees of subscribers to the Act can bring workers' compensation claims"). Defendant OneBeacon discusses in its response whether Plaintiff is an employee, since according to OneBeacon, its insurance policy only covers independent owner operators, not employees. Def. OneBeacon America Insurance Co.'s Resp. in Opp'n to Pl.'s Second Mot. to Remand 4-5. Therefore, there is a common question in the claims against Ormsby, CCIC, and OneBeacon regarding whether Plaintiff was an employee.

However, whether there are common questions of fact or law among all Defendants is less clear. For instance, it is unclear exactly to what entity Great American provides insurance. If they offer coverage directly to Plaintiff, then it appears that the claim against Ormsby and the claims against Great American may have distinct issues of law and fact. One claim would involve whether Ormsby retaliated against Plaintiff for filing a workers' compensation claim, while the other claims would involve different actors requiring differing proof of unfair practices and bad faith. Nevertheless, because the burden of establishing fraudulent joinder rests with the removing party, here OneBeacon and Great American, ambiguities regarding whether joinder is proper are resolved in favor of Plaintiff. *See Hart*, 199 F.3d at 246-247; *Rodriguez*, 120 F.3d at 591; *Miller Brewing Co.*, 663 F.2d at 549. As such, the Court finds that Defendants have not shown that the claims against OneBeacon and Great American were improperly joined.

### 2. Whether misjoinder is fraudulent

Even if the claims against OneBeacon and Great American were not properly joined, they are not so egregiously misjoined to rise to the level of fraudulent joinder. *See Tex. Instruments*, 266 F.R.D. at 147. As an initial matter, the Court notes that the claims against OneBeacon and Great American are identical to the claims against CCIC. Remand Order 7-8. The Court agrees with another judge of this Court when he found that there was no fraud in the pleading of jurisdictional facts and that Plaintiff stated causes of action for unfair practices, and bad faith against CCIC. *See* Remand Order 7-8. Therefore, the Court finds there was no fraud in the pleading of jurisdictional facts in this case and Plaintiff has stated causes of action for unfair practices and bad faith against OneBeacon and Great American. As such, the Court considers whether the claims against Ormsby, OneBeacon, and Great American are sufficiently factually and legally related to each other to determine if an improper joinder, if joinder of OneBeacon and Great American was improper, was fraudulent. *See Tex. Instruments*, 266 F.R.D. at 149.

As discussed above, it is unclear exactly to whom OneBeacon and Great American provide insurance. If, like CCIC, they provide workers' compensation insurance, then the claims against Ormsby and Defendants OneBeacon and Great American are both legally and factually related. Both turn on whether Plaintiff is an employee, and whether Plaintiff succeeds in his claim for retaliation against Ormsby. If OneBeacon and Great American provide insurance directly to Plaintiff, then it is at least arguable that the claim against Ormsby and those against OneBeacon and Great American are both factually and legally distinct for the reasons discussed above. There appears to be great dispute surrounding whether Plaintiff is an employee of Ormsby. Plaintiff argues he is, while OneBeacon argues he is not. Given this commonality, and

that the burden of showing fraudulent joinder rests with OneBeacon and Great American, the Court finds that the claims against OneBeacon and Great American, even if misjoined, are not so egregiously misjoined to establish fraudulent joinder.

### 3. Applicability of fraudulent misjoinder to § 1445(c)

Furthermore, even if OneBeacon and Great American were fraudulently joined, the Court finds that the case should still be remanded to state court. The doctrine of fraudulent joinder was formed, operates, and exists to prevent legitimate removal by joining an in-state defendant so as to defeat diversity jurisdiction. *Wells Fargo*, 670 F. Supp. 2d at 559. Therefore, when a removing defendant meets his heavy burden of demonstrating fraudulent joinder, the Court may properly disregard the citizenship of the fraudulently joined defendant, determine whether diversity jurisdiction exists, and decide whether to deny a motion to remand. *See Tapscott*, 77 F.3d at 1359-60; *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921) (discussing the origins of fraudulent joinder only in the context of ignoring citizenship of a fraudulently joined defendant). In this case, ignoring the citizenship of OneBeacon and Great American does not remove the case from the ambit of 28 U.S.C. § 1445(c), which prevents removal of this case because the retaliation claim arises under Texas workers' compensation law.

The Court has found no cases applying the doctrine of fraudulent joinder in the context of § 1445(c), and the Court is reluctant to do so. Congress passed § 1445(c) in "an effort to control the ever-increasing flow of compensation cases into already strained federal dockets." *Trevino*, 197 F.3d at 781. "We remain convinced that workmen's compensation cases 'have little real business in a federal court,' and have therefore, been reluctant 'to strain to find a way to entertain' such suits." *Id.* (quoting *Kay v. Home Indem. Co.*, 337 F.2d 898, 901 (5th Cir. 1964)).

To further Congress's purpose that actions arising under a state's workmen's compensation laws remain in state court, we decline to extend the doctrine of fraudulent joinder to § 1445(c). *See Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991) ("Because Congress intended that all cases arising under a state's workers' compensation scheme remain in state court, we believe that we should read section 1445(c) broadly to further that purpose."). Such a holding also comports with the policy that encourages broad joinder of multiple parties in the same action. *See In re E.L.P.*, 636 S.W.2d at 581 (Rule 40 is interpreted in light of a state policy that encourages broad joinder of multiple parties in the same action). In sum, even if OneBeacon and Great American were fraudulently joined, the Court will not apply the doctrine of fraudulent joinder to hold that the case falls outside the reach of § 1445(c).

  C.  **Texas Rule of Civil Procedure 51**

Defendant Great American argues that Texas Rule of Civil Procedure 51 prevents its joinder to this suit. Resp. of Great American to Pl.'s Second Mot. to Remand 3-4. Rule 51(b) states that the rule, which governs joinder of claims and remedies, "shall not be applied in tort cases so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract directly liable to the person injured or damaged." Tex. R. Civ. P. 51(b); *Futrell v. State & Cnty. Mut. Ins. Co.*, No. 05-95-01052-CV, 1996 WL 479555, at *2 (Tex. App. Aug. 19, 1996). However, this rule applies only to actions which allege the insured acted negligently. *Seay v. Travelers Indem. Co.*, 730 S.W.2d 774, 781 (Tex. App. 1987) (citing *Russell v. Hartford Cas. Ins. Co.*, 548 S.W.2d 737, 740 (Tex. App. 1977)). And, negligence is not alleged in this case. What's more, this rule "should be read in conjunction with rule 40 limiting the joinder of defendants to situations in which the right to relief asserted against the

11

defendants arises out of the same transaction or occurrence or series of occurrences and if any question of law or fact common to all of them will arise in the action." *Russell*, 548 S.W.2d at 741.

Given the Court's conclusion that Rule 40 permits joinder in this case, the Court finds that Rule 51 does not prohibit joinder of OneBeacon and Great American to this suit. Furthermore, Plaintiff does not allege negligence, providing additional grounds for the rule's inapplicability to the instant case. *See Seay*, 730 S.W.2d at 781. In addition, Plaintiff's claims against the insurance companies are not barred from joinder by Rule 51 because they are allegedly based on statute or contract making the companies directly liable to Plaintiff, if they are in fact liable.

### III.   CONCLUSION

For the foregoing reasons, the Motion, ECF No. 7, is **GRANTED**. It is hereby **ORDERED** that the Clerk of Court remand the case to County Court at Law Number Six in El Paso County, Texas.

It is **FURTHER ORDERED** that the Clerk of Court shall **CLOSE** the case.

**SO ORDERED**.

**SIGNED** on this 15th day of March, 2011.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE